UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 22, 2024

LETTER TO ALL COUNSEL OF RECORD

Re: *Vernon R. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
Civil No. 23-825-CDA

Dear Counsel:

On March 24, 2023, Plaintiff Vernon R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for benefits. ECF 1. This case was referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 12, 14, 15). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on May 15, 2020, alleging a disability onset of January 5, 2009. Tr. 241–51. Plaintiff's claim was denied initially and on reconsideration. Tr. 93–103, 105–10. On July 29, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33–55. Following the hearing, on September 12, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 18–32. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II. **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on March 24, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. The Court therefore substitutes Commissioner O'Malley as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since May 15, 2020[.]" Tr. 23. At step two, the ALJ found that Plaintiff suffered from severe lumbar degenerative disc disease. *Id.* At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 24. Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 416.967(c) except he can climb ramps and stairs frequently, and climb ladders, ropes, and scaffolds occasionally. He can also frequently balance, stoop, kneel, crouch, and crawl[.]" *Id.* The ALJ found that Plaintiff had no past relevant work but could perform jobs existing in significant numbers in the national economy. Tr. 26–27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision lacks the support of substantial evidence because: (1) the ALJ "interpreted the raw medical data into functional limitations which lack the support of any competent medical opinion"; (2) the ALJ "ignored record evidence of Plaintiff's manipulative limitations"; and (3) the ALJ "crafted a 'medium' RFC out of whole cloth." ECF 12, at 1. Plaintiff further contends that the ALJ erred by failing to evaluate Plaintiff's subjective complaints in accordance with Social Security Ruling ("SSR") 16-3p. *Id.* Defendant counters that

the ALJ was not required to rely on any medical opinion in reaching their decision and that the ALJ thoroughly reviewed the record and properly concluded that the evidence warranted a medium-work RFC. ECF 14, at 5–13. Defendant further contends that the ALJ appropriately evaluated Plaintiff's subjective complaints. *Id.* at 13–16.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In determining the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to SSR 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling*, 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

The Court agrees with Plaintiff that the medium-work RFC assessed here lacks the support of substantial evidence. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday[.]" SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). "[S]itting may occur intermittently during the remaining time." *Id.* In medium work, "a person must be able to do both frequent stooping and frequent crouching--bending both the back and the legs--in order to move objects from one level to another or to move the objects near foot level." SSR 83-14, 1983 WL 31254, at *5 (Jan. 1, 1983). "[A]ny limitation of these functional abilities must be considered very carefully to determine its impact on the size of the remaining occupational base of a person who is otherwise found capable of medium work." *Id.*

Here, the ALJ limited Plaintiff to medium work and did not assess any specific limitations related to lifting, sitting, walking, or standing. *See* Tr. 24. The ALJ also acknowledged that Plaintiff's back pain was "exacerbated by heavy lifting[] and extended sitting and walking." Tr. 25. Plaintiff testified during the hearing that he lifted between fifteen and twenty pounds while working as a mechanic, could not "walk more than a block," and could not sit more than "five minutes." Tr. 45–46. Plaintiff also stated in a March 2021 function report that he could not lift more than thirty pounds and could not walk or stand "too long." Tr. 302.

*Vernon R. v. O'Malley*
Civil No. 23-825-CDA
March 22, 2024
Page 4

The ALJ nonetheless found Plaintiff capable of medium work, which requires a person to lift a maximum of fifty pounds and to walk and stand for approximately six hours in an eight-hour workday. *See* 20 C.F.R. § 416.967(c); SSR 83-10, 1983 WL 31251, at *6; SSR 83-14, 1983 WL 31254, at *5. The ALJ reasoned, as a general matter, that a more limited RFC was unwarranted due to Plaintiff's treatment history, impairments, and daily activities. *See* Tr. 26 ("Generally, the claimant's back pain has only required minimal and conservative treatment, generally unremarkable physical signs, with no significant physical therapy or surgical intervention. While the claimant is certainly limited to some degree, the record does not support any limitations beyond the assessed residual functional capacity."); *id.* ("Additionally, a light range of exertion is not supported by the level of minimal and conservative treatment found in the record and largely unremarkable examinations reported by providers[.] It is also inconsistent with the claimant's reported activities of daily living."). However, the ALJ failed to specifically explain how the evidence supported each of the RFC's implicit conclusions regarding Plaintiff's ability to lift, stand, walk, and sit at a medium exertional level. The omitted analysis constituted error. *See* SSR 96-8p, 1996 WL 374184, at *7 (explaining that an RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations").

The Court acknowledges that remand is not automatically required whenever an ALJ fails to perform a function-by-function analysis, as "remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Audlica D. v. Kijakazi*, No. BAH-22-1046, 2023 WL 1769665, at *5 (D. Md. Feb. 3, 2023) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). However, a careful review of the ALJ's decision reveals that "other inadequacies in the ALJ's analysis frustrate meaningful review" of the RFC assessed in this matter. *Mascio*, 780 F.3d at 636. For instance, the ALJ was "partially" persuaded by the medical opinion of Dr. Tomoyasu Higashimoto, who concluded that Plaintiff had no limitations. Tr. 25. But the ALJ did not identify the portions of Dr. Higashimoto's opinion that were or were not persuasive. *See id.* Instead, the ALJ assigned only partial weight to these findings because Dr. Higashimoto "did not have the benefit of reviewing the March 2022 MRI of the lumbar spine showing significant degeneration and abnormality[.]" *Id.* However, the ALJ provided no explanation of how this MRI evidence undermined Dr. Higashimoto's opinion. Therefore, absent further analysis, it is unclear whether the ALJ was persuaded that Plaintiff had limitations in certain functions (such as lifting, standing, walking, or sitting) that might reasonably be impacted by Plaintiff's lumbar spine issues. Remand is therefore warranted. *See Mascio*, 780 F.3d at 636.

Review of the medium-work RFC assessed in this case is also frustrated by the ALJ's contradictory statements. Specifically, the ALJ concluded that a "range of medium exertional work" was warranted because, among other reasons, diagnostic imaging revealed "generally mild to moderate" findings in the lumbar spine, and Plaintiff showed "generally unremarkable physical signs[.]" Tr. 26. Elsewhere in the decision, however, the ALJ noted that a "March 2022 MRI of the lumbar spine show[ed] significant degeneration and abnormality[.]" Tr. 25. The ALJ further observed that "diagnostic imaging in the record" showed "some severe dysfunction in the lumbar spine." Tr. 26. The ALJ's varying descriptions of the lumbar spine-related evidence in this case leaves the Court unable to discern the weight that the ALJ placed on this evidence in crafting the

*Vernon R. v. O'Malley*
Civil No. 23-825-CDA
March 22, 2024
Page 5

RFC. Because the ALJ's evaluation of this evidence "was internally inconsistent," the Court's ability to trace the ALJ's reasoning is impeded, making remand necessary. *Rodney G. v. Kijakazi*, No. BAH-22-3007, 2023 WL 6465436, at *4 (D. Md. Oct. 3, 2023) (citing *Mallett v. Berryhill*, No. 5:18-CV-241-D, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019)).

Remand is further warranted because a proper analysis of Plaintiff's functional limitations may alter the RFC and, in turn, the ultimate conclusion reached in this case. For example, and without assuming this to be the case, a designation to light work (rather than medium work) would render Plaintiff disabled under the SSA's medical-vocational guidelines due to Plaintiff's age. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 § 202.04. Because the case is being remanded on these grounds, the Court need not address Plaintiff's other arguments. The ALJ is welcome to consider those arguments on remand and to adjust their decision accordingly. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V.    CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge